BLAINE ET AL., APPELLANTS, *v.* SCHMITKONS, COUNTY TREAS., ET AL., APPELLEES.*

(No. 1414—Decided June 4, 1958.)

*Motion to certify the record overruled, December 17, 1958.

*Messrs. Myers, Horan & Ashenbach,* for appellants.

*Mr. Paul J. Mikus,* prosecuting attorney, and *Mr. J. William McCray,* for appellees Carl O. Schmitkons, treasurer, and Frank Ayres, auditor.

*Mr. James P. Horn,* city solicitor, for appellee city of Elyria.

DOYLE, J. This action was brought by Richard and Francis Blaine, owners of real property on Glenwood Street in the city of Elyria, Ohio, to enjoin the Auditor and Treasurer of Lorain County "from collecting or attempting to collect" assessments against their property, which assessments were made pursuant to legislation of the council of the city of Elyria.

Following a trial in the Court of Common Pleas of Lorain County, the court denied the relief sought, and the Blaines have appealed to this court from the judgment there rendered.

The appeal is on questions of law, and the following claim of error is made:

"The court erred in refusing to grant the permanent restraining order as prayed for by the appellants."

We find, from the record, that in July, 1956, the council of the city of Elyria passed a resolution of necessity "declaring it necessary to improve * * * Glenwood Street * * * [the street upon which the Blaine property is located] by lighting with underground service."

In the resolution it was stated that, "Whereas there has been constructed on * * * Glenwood Street * * * underground service for street lighting with ornamental posts, and whereas, the net rates per lamp per month of such service exceed the cost of overhead service by $3.50 per lamp per month, * * * the excess cost of said lighting improvement with underground service shall be assessed by the foot front upon the following described lots and lands * * *." (The Blaine property lies within the assessed area.)

Subsequently, in October of 1956, the city council enacted an ordinance to proceed with the "improvement" by providing lighting with underground service. There was also passed an

ordinance levying special assessments upon the property abutting on the improvement on a front foot basis in an amount equal to $3.50 per lamp per month. The figure represented the difference in cost between lighting with the underground service and a lesser cost of overhead lighting.

No actual physical improvement was involved in the city's program, because the city contemplated only the continuance of the theretofore-existing underground service with ornamental posts, which had been previously installed by the Ohio Public Service Company, a predecessor of the Ohio Edison Company. The special assessment for benefits against the abutting property owners was to pay, as heretofore indicated, the difference between the cost of street lighting service with the presently-existing underground installation with ornamental posts, and a somewhat lesser cost if overhead lighting were installed and maintained.

The appellants contend that the ordinances are unconstitutional, were improperly passed, and constituted an unlawful and irregular exercise of power by the legislative body.

We perceive nothing which would justify this court in holding the ordinances unconstitutional. There are many authorities which hold legislation of this kind a lawful exercise of the powers of a city in its relation to benefited property-owner inhabitants thereof.

The property owners assert that "Section 727.07, Revised Code, is the ostensible authority for the city's actions, and it provides as follows: 'The legislative authority of a city upon the recommendation of the director of public service * * * may provide for lighting any street * * *, and levy and collect special assessments therefor by any of the methods mentioned in Section 727.01 of the Revised Code.' The facts are clear * * * that there was no recommendation by Mr. Lotko [the Director of Public Service of the city of Elyria] of the special assessment for underground lighting. The question of law raised is, whether or not the language of the above-cited statute is mandatory or directory in its application. It is appellants' contention that the requirement of recommendation by said city official is mandatory * * *."

There is no doubt that Section 727.07, Revised Code, author-

izes a city to assess benefited property owners for the cost of lighting a street upon the recommendation of the director of public service, and, in the case before us, no such recommendation was made, and Elyria, Ohio, is indeed a city. This section, in so far as pertinent to our discussion, reads:

"The legislative authority of a city upon the recommendation of the director of public service, or the legislative authority of a village, may provide for lighting any street, alley, dock, wharf, pier, public road, or place, or parts thereof, and levy and collect special assessments therefor by any one of the methods mentioned in Section 727.01 of the Revised Code."

This section of the statute (Section 727.07, Revised Code, in substantially the same form, was first enacted some years ago to supplement the predecessor of the present Section 727.01. The history of those sections shows that the latter enactment (Section 727.07) was meant to provide for a method of initiating legislation for street lighting in addition or supplemental to the method provided in Section 727.01, Revised Code—*i. e.*, upon the initiative of the city council.

We find that Section 727.01, Revised Code, is sufficiently broad to authorize a city council on its own initiative to levy and collect special assessments to pay for the cost of "lighting, sprinkling, sweeping, or cleaning" streets, and that street lighting is an "improvement" within the language of the statute. We are of the further opinion that the inclusion in a street lighting system of ornamental features does not prevent the assessment of the additional cost of electricity for such a system upon the benefited property owners, if the additional cost is not unreasonable in amount.

In the case before us, the city council could have proceeded to assess benefited property under either one of the two methods of initiating the legislation. It chose to proceed on its own initiative, and in doing so we find that it acted in compliance with its statutory authority.

We find the case of *Village of Leipsic* v. *Wagner,* 105 Ohio St., 466, 138 N. E., 863, is sufficiently in point to be authority for our conclusions. See also: 60 A. L. R., 272, annotation, "Power to impose cost of maintenance or operation of street lighting system on local improvement district."

In so far as applicable to this case, and granting authority to the city of Elyria to act as it did, Section 727.01, Revised Code, provides:

"Each municipal corporation shall have special power to levy and collect special assessments. The legislative authority of a municipal corporation may assess upon the abutting, adjacent, and contiguous or other specially benefited lots or lands in the municipal corporation, any part of the cost connected with the improvement of any street, * * * or the lighting * * * thereof * * *."

We find no error in the rendition of the judgment under review, and it will be affirmed.

*Judgment affirmed.*

HUNSICKER, P. J., and STEVENS, J., concur.